```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/07/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
In re: CELSIUS NETWORK LLC, et al.,              :
:
        Debtors,                                         :
:
-----------------------------------------------------------------X
:
JASON VOELKER,                                   :
:
        Appellant,                                       :
:      24-cv-4057 (LJL)
    -v-                                              :
:    MEMORANDUM AND
MOHSIN Y. MEGHJI, as Litigation Administrator, et al.  :        ORDER
:
        Appellees.                                       :
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Appellant Jason Voelker ("Voelker" or "Appellant") moves, pursuant to Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure, to vacate the Court's order of September 25, 2024, dismissing his appeal for failure to prosecute. Dkt. No. 16. Appellant also requests that the Court grant his application to proceed in forma pauperis ("IFP"). *Id.* at 1. Appellees have not opposed the motion.

    For the following reasons, the motion to vacate is granted. The motion to proceed IFP is denied without prejudice.

    On May 28, 2024, Appellant filed in this Court a notice of appeal from a Memorandum and Order of the United States Bankruptcy Court of the Southern District of New York dated May 8, 2024, which denied his motion for leave to file an adversary proceeding. Dkt. No. 1. Appellant is proceeding pro se. *Id.* Appellant filed his opening brief on September 5, 2024.

Dkt. No. 14. On September 25, 2024, the Court dismissed Plaintiff's appeal for failure to pay the filing fee. Dkt. No. 16.

Federal Rule of Bankruptcy Procedure 8003 provides that a notice of appeal must "be accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3)(C). It also states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). The Second Circuit has stated that in determining whether to dismiss an appeal, "a court should exercise its discretion given the factual circumstances of a particular case." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006). Particularly, a court should "endeavor to explain why it is in the interest of justice to all parties . . . to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal," should "consider whether a lesser sanction would be appropriate," and should consider "whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Id.* at 272–73. "[D]istrict courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *Id.* (quoting *Eng.-Speaking Union v. Johnson*, 353 F.3d 1013, 1022 (D.C. Cir. 2004)).

The Court's order of September 25, 2024, is in accord with cases stating that "failure to pay the requisite fee is itself a ground for dismissal." *Massie v. U.S. Tr.*, 2021 WL 949752, at *5 (D. Conn. Mar. 12, 2021) (collecting cases); *Smith v. Nagle House, Inc.,* 2005 WL 1773765, at *1 (S.D.N.Y. July 25, 2005). However, Plaintiff is a pro se litigant who states that he was not aware of the requirement to pay a filing fee. Dkt. No. 16 at 1; *compare Sydlar v. Swimelar*, 2010

2

WL 2522362, at *1 (N.D.N.Y. June 14, 2010) (dismissing appeal after appellant did not pay the filing fee despite a deficiency notice from the Bankruptcy Court and denial of his motion for leave to proceed IFP).  The Second Circuit has stated that before dismissing a case for failure to prosecute, a court should consider, among other things, whether "the plaintiff's failure to prosecute caused a delay of significant duration," "plaintiff was given notice that further delay would result in dismissal," and "the trial court adequately assessed the efficacy of lesser sanctions."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Romano v. Laskowski*, 2024 WL 4635227, at *3 (2d Cir. Oct. 31, 2024) (suggesting that dismissal for lack of prosecution will often require a finding of "willfulness, bad faith, or reasonably serious fault" (citation omitted)).  Furthermore, a court should be more hesitant to dismiss a claim for failure to prosecute when it is brought by "a pro se plaintiff who likely lacks the professional and institutional support of a paid advocate." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).  These considerations strongly favor granting Appellant relief from the Court's order of dismissal.  Appellant should have at least one opportunity, after having been fully informed by the Court of the deficiency and its potential consequences, to correct it.  The Court will grant the motion to vacate.

However, the Court will not at this time grant Appellant's request to proceed in forma pauperis.  A party seeking to proceed in forma pauperis should submit an affidavit that "includes a statement of all assets" and affirms "that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see Garcia v. Comm'r of Soc. Sec.*, 2020 WL 9815187, at *1 (S.D.N.Y. Oct. 16, 2020), *report and recommendation adopted*, 2020 WL 9815256 (S.D.N.Y. Nov. 2, 2020); *United States v. Copen*, 378 F. Supp. 99, 103 (S.D.N.Y. 1974) ("Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit.");

*Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002).  Appellant states certain facts in his motion supporting his IFP status.  *See* Dkt. No. 16 at 7.  But such facts are not declared or sworn to under penalty of perjury, and the Court may not consider them.  Appellant must either pay the filing fee or make a proper application for IFP status.[1]

Appellant's motion is GRANTED IN PART and DENIED IN PART.  The motion to vacate the order of September 24, 2025, is GRANTED, and Appellant's appeal is reopened.  The motion to proceed IFP is DENIED, without prejudice to a renewed application in proper form.  By March 21, 2025, Appellant shall either pay the filing fee or submit an application to proceed in forma pauperis.  If by March 21, 2025, Appellant pays the filing fee or submits an application to proceed IFP, the Court shall at that time set a briefing schedule for the appeal.  If by March 21, 2025, Appellant does not pay the filing fee, submit an application to proceed in forma pauperis, or submit a letter to the Court showing good cause for an extension of time, the Court will dismiss the appeal for failure to prosecute.

The Clerk of Court is respectfully directed to close Dkt. No. 16.

SO ORDERED.

Dated: March 7, 2025
New York, New York

                                       LEWIS J. LIMAN
                                       United States District Judge

---

[1] Appellant is encouraged to use the Southern District of New York standard form application to proceed in forma pauperis, which is available at https://nysd.uscourts.gov/sites/default/files/2018-06/IFP-application.pdf.